Kent, J.,
dissented upon the first point decided, but concurred in the remainder of the opinion of the Chief Justice.
Kent, J.
The prisoner was on trial, charged with having forged the signature of the apparent deponent to a deposition. The person, whose name it was alleged was thus forged, was called as a witness by the government, and he testified positively that he never saw the deposition, and never signed his name thereto. In cross-examination the prisoner desired to ask the witness, (in substance,) if he did not know of his own knowledge that the facts stated in the deposition were true. The Judge excluded the testimony.
No one would for a moment contend that it would be a defence to the charge, to show that the facts stated in the deposition were true. The offence consisted in falsely placing the name of an apparent deponent to a deposition, which he never saw. Whether that deposition stated facts or falsehoods, in this view, is immaterial. The prisoner, if he thus forged the name, is guilty, although every sentence contained an undoubted fact.
The question, however, at the time of trial, was, whether or not the prisoner did in fact falsely make and utter the instrument. He denied the fact charged. He insisted that the witness, notwithstanding his denial, did in fact give the deposition and sign his name to it.
The prisoner had a right to set up this denial in his defence. He also had the right to establish by proof any fact *427 legitimately bearing on this issue, — although such fact might be in itself apparently weak and inconclusive. He had a right to say — this witness did sign that paper. In the cross-examination he had a right to ask the witness in relation to all the facts and circumstances surrounding the matter and connected with it, or bearing upon it.
It is apparent that if the witness did know the facts, and could have testified to all the matters contained in the deposition, that it would be more probable that he did in fact give the deposition, than if he was entirely ignorant of the facts stated. In order to lay the foundation for the theory or allegation that the signature was genuine, the first step would be to show that it might have been given truly and according to the knowledge of the assumed deponent. The prisoner had a right to the fact, to argue therefrom that the witness was the person of all others to apply to for such deposition' — as he knew all the facts. If a person is on trial for forging a note for one hundred dollars, and the person whose name appears thereon is a witness and swears that he did not sign it, and never gave it, cannot the prisoner in cross-examination ask him if he did not owe the accused that sum at the date of the note ?
If he did owe him that sum, but did not give the note, it is clearly no defence. But it is a fact, which, in the controversy, may be quite material in determining from all the circumstances and probabilities the guilt of the prisoner. It would be quite probable that a man who in fact owed the exact sum had given such a note. So in this case, the accused sets up in defence the theory that the deposition was in fact given, or assented to, and, in my opinion, he had a legal right to have an answer from the witness as desired, that he might urge it, for what it might avail, in determining from all the circumstances belonging to the case, the probabilities and improbabilities surrounding it, the guilt or innocence of the prisoner.
I do not regard this as such a collateral matter, that it was within the discretion of the Judge to admit or reject it. *428 I have no doubt that such discretion is in some cases allowed. But they are cases where the matter is entirely collateral, and the proposed examination is not to elicit facts which bear upon the issue and which can be fairly used to establish or overthrow theories which are legitimate for consideration, but to establish facts which in themselves, when proved, are foreign to the issue, and can be used only to test the memory or impeach the veracity of the witness as to such foreign matters.
The evidence offered was as to facts stated in the deposition, and bore directly upon the question in issue, however feeble the fact of knowledge might prove to be.
I have never understood that, in our practice, the defendant was prohibited from introducing new facts, important for his defence, by the cross-examination oí a witness of the other party. It may be a useful rule, but it has not been adopted by this Court, and ought not to be applied for the first time in a criminal case. I do not, however, understand that the majority of the Court place the decision of this case on that point — or decide that the rule is adopted in this State. In my opinion the exception to the ruling of the Judge on the point above stated should be sustained.